UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACQUELINE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-02057-SEB-DML |
| | ) |
| CROWN HILL MANAGEMENT LLC | ) |
| and GIBRALTAR REMEMBRANCE | ) |
| SERVICES LLC, | ) |
| | ) |
| Defendants. | ) |

## Report and Recommendation on Defendants' Motion to Dismiss, Request for Contempt Citation, and Request for Attorneys' Fees

The defendants have moved the court to (i) dismiss Jacqueline Johnson's complaint with prejudice because of her failure to prosecute her claims and comply with a discovery order, (ii) hold Ms. Johnson in contempt because of her failure to comply with the discovery order, and (iii) award the defendants their attorneys' fees incurred in filing an earlier motion to compel. Dkt. 19. Ms. Johnson, who is proceeding *pro se,* did not respond to the defendants' motion.

The magistrate judge recommends that the district judge dismiss Ms. Johnson's complaint with prejudice because of her failure to comply with the court's discovery order and her failure to prosecute her claims, but deny the other relief sought by the defendants.

On June 2, 2016, the court granted a motion to compel filed by the defendants. The order recounted Ms. Johnson's failure to comply with disclosure

obligations under the court's case management order and her failure to respond to the defendants' discovery requests. The defendants had sent several letters to Ms. Johnson seeking her compliance with the case management order and discovery, but she had not answered the letters. The defendants thus lacked basic information from Ms. Johnson important to the defendants' evaluation of the strength and weaknesses of Ms. Johnson's claims and her alleged damages. Inferring that Ms. Johnson may have become unwilling to prosecute her claims, the court's order required Ms. Johnson promptly to comply with her disclosure obligations or risk the dismissal of her complaint. The court stated:

> If Ms. Johnson intends to pursue this litigation, she must provide to the defendants (a) the information required by paragraphs A, B, C, and D of the court's April 18, 2016 case management order (at Dkt. 54) and (b) responses to the defendants' interrogatories and document requests. This information should not be filed with the court, but only sent to the defendants. Ms. Johnson is ORDERED to provide to the defendants her responses to the interrogatories and document requests and the information required by the case management order no later than **June 17, 2016.**
>
> FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS AND COURT ORDERS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS ACTION.

Dkt. 18.

Ms. Johnson did nothing to attempt to comply with the June 2 order.

Because Ms. Johnson did not comply with the court's June 2, 2016 order, the magistrate judge recommends that the district judge dismiss her complaint with prejudice. As noted, the court had become concerned that Ms. Johnson was ignoring this case, had not participated in the basic tasks of prosecuting her claims, and may

have wanted to abandon the litigation altogether. The court's June 2 order required her to comply with the case management order and to answer discovery if she intended to pursue this litigation, and warned Ms. Johnson that if she did not comply, her case may be dismissed. Dismissal is an appropriate result under both Rules 37 and 41 of the Federal Rules of Civil Procedure. *See* Rule 37(b)(2)(A) (dismissal is available sanction when party fails to obey discovery order); Fed. R. Civ. P. 41(b) (on the defendant's motion, court may dismiss a plaintiff's complaint when "the plaintiff fails to prosecute or to comply with these rules or a court order").

The magistrate judge also recommends that the court deny the defendants' other requests for relief, assuming that the dismissal recommendation is adopted. First, a dismissal sanction under Rule 37(b)(2)(A) is proportionate to Ms. Johnson's lack of compliance with the court's June 2 order, and a sufficiently harsh consequence. There is no need to hold Ms. Johnson in civil contempt as an additional sanction under Rule 37. Second, an order requiring Ms. Johnson to pay attorneys' fees incurred by the defendants in moving to compel two months ago is unjustified under the circumstances. The defendants did not specifically request their fees when they moved to compel, and it appeared they deliberately chose to omit that request from their motion. Had the defendants wanted a fee award when they moved to compel, they should have specifically advised Ms. Johnson, as a *pro se* plaintiff, about the extent of relief they sought. Moreover, the court's order granting the motion to compel was clear about the consequences if Ms. Johnson continued to fail to comply with her disclosure and discovery obligations—the

dismissal of her case. She was not warned about the possibility too of owing money to the defendants. Again, dismissal with prejudice is a sufficiently harsh result for Ms. Johnson's failures.

## Conclusion

The defendants' motion (Dkt. 19) to dismiss, requesting an order of contempt, and requesting an award of attorneys' fees should be GRANTED IN PART AND DENIED IN PART. The magistrate judge recommends that the district judge DISMISS WITH PREJUDICE Ms. Johnson's complaint, but deny the other relief sought by the defendants.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. The parties should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: July 29, 2016

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record by email through the court's ECF system

Via United States mail:
JACQUELINE JOHNSON
9949 Ellis Drive
Indianapolis, IN 46235